UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL ENRIQUE RIVERA PALMA,<br><br>           Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER,<br><br>           Respondent. | Case No. C14-1306-JCC-BAT<br><br>**REPORT AND RECOMMENDATON** |

## INTRODUCTION

Joel Enrique Rivera Palma has been detained by U.S. Immigration and Customs Enforcement ("ICE") since on or about July 30, 2013. *See* Dkt. 10-1. On September 17, 2013, an Immigration Judge ("IJ") held a bond hearing pursuant to 8 U.S.C. § 1226(a), and denied bond. *See* Dkt. 4 at 19-21. Mr. Palma appealed *pro se* to the Board of Immigration Appeals ("BIA") and then to the Ninth Circuit. *See generally* Dkt. 4. The Ninth Circuit construed his appeal as a habeas petition pursuant to 28 U.S.C. § 2241, and transferred the matter to this Court. Dkt. 1-1.

When Mr. Palma signed and mailed his habeas petition on March 16, 2014, he was detained at the Northwest Detention Center in Tacoma, Washington. *See* Dkt. 4 at 7; Dkt. 10-1. The following day, he was transferred to the Otero Processing Center in Chaparral, New Mexico,

REPORT AND RECOMMENDATON- 1

where he is currently detained.  Dkt. 10-1.  The Ninth Circuit received his habeas petition on March 20, 2014.  *See* Dkt. 4 at 1.

Respondent has moved to dismiss for lack of venue or, in the alternative, for a transfer of venue to the District of New Mexico where Mr. Palma is now detained.  Dkt. 10.  Mr. Palma did not file a response.  For the reasons discussed below, the Court recommends that this case be **TRANSFERRED** to the U.S. District Court for the District of New Mexico.

## DISCUSSION

Under the mailbox rule, a *pro se* prisoner's habeas petition is deemed filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk."  *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)).  Mr. Palma mailed his petition on March 16, 2014, when he was still detained at the Northwest Detention Center.  Dkt. 4 at 7.  Therefore, this Court had jurisdiction to entertain his petition at the time it was filed.

The transfer of a habeas petitioner to another judicial district after the filing of a habeas petition does not terminate the original District Court's jurisdiction over the petition so long as "a respondent who has custody over the prisoner is within reach of the court's process."  *Ex parte Mitsuye Endo*, 323 U.S. 283, 306-07 (1944); *see also Smith v. Campbell*, 450 F.2d 829, 834 (9th Cir. 1971) ("The subsequent involuntary removal of the petitioner from the [original] district does not defeat that jurisdiction when those having present custody of the petitioner are subject to the process of the court.").  Here, respondent argues that this Court no longer has jurisdiction because the only proper respondent within reach of the court's process is the ICE Field Office Director in Seattle, who no longer has custody of Mr. Palma.  Dkt. 10 at 3.

The proper respondent to a habeas petition filed by an immigration detainee has not been

REPORT AND RECOMMENDATON- 2

decided by either the Supreme Court or the Ninth Circuit.[1]  In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court held that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 436.  But the Supreme Court expressly left open the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. *Id.* at 435 n.8.  Lower courts answering this open question have come to a variety of conclusions.  The majority have found that the warden of the facility where the alien is detained is the only proper respondent, while others have approved of the Attorney General, the Secretary of the Department of Homeland Security ("DHS"), and/or the ICE Field Office Director.  *See, e.g.*, *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006) (warden is only proper respondent); *Somir v. United States*, 354 F. Supp. 2d 215 (E.D.N.Y. 2005) (Attorney General is a proper respondent); *Khodr v. Adduci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010) (ICE Field Office Director is only proper respondent); *Sanchez-Penunuri v. Longshore*, --- F. Supp. 2d ----, ----, 2013 WL 6881287, at *10-*13 (D. Colo. 2013) (at least the Attorney General and the Secretary of DHS are proper respondents).

      The Court, however, need not resolve the proper respondent issue here because even if it has personal jurisdiction over that respondent, venue is still improper in this district.  Traditional venue considerations include, but are not limited to, (1) where the material events took place, (2) where the relevant records and witnesses are likely to be found, and (3) whether the forum is convenient for the parties.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484,

---

[1] The only Ninth Circuit case answering the question was subsequently withdrawn with directions that it may not be cited as precedent by or to the court. *See Armentero v. INS*, 340 F.3d 1058 (9th Cir. 2003), *withdrawn by* 382 F.3d 1153 (9th Cir. 2004).

REPORT AND RECOMMENDATON- 3

493-94 (1973).  These factors weigh in favor of transferring this action to the District of New Mexico.  First, although the bond hearing Mr. Palma challenges took place in this District, any future bond hearing he receives would likely be held in New Mexico where he is currently detained.  Indeed, it would be a waste of resource to transfer Mr. Palma back to Washington for a bond hearing when such a hearing could be conducted in New Mexico.  Second, Mr. Palma's administrative file is located with ICE in New Mexico. Dkt. 10-1 at 2 n.1.  And third, given that Mr. Palma is detained within the District of New Mexico, that forum is more convenient to the parties than the Western District of Washington.  *See Braden*, 410 U.S. at 499 ("[I]n many instances the district in which petitioners are held will be the most convenient forum for the litigation of their claims."); *Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that preferred forum is district where petitioner is confined); *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) (district of confinement "is normally the forum most convenient to the parties").  In sum, transferring this case to the District of New Mexico best serves the convenience of the parties and the interests of justice.  *See* 28 U.S.C. § 1404(a) (district courts retain the discretion to transfer any civil action to any district where it might have been brought for the convenience of the parties and in the interest of justice).

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that respondent's motion to dismiss, Dkt. 10, be **GRANTED** in part and **DENIED** in part.  This matter should not be dismissed, but should instead be **TRANSFERRED** to the U.S. District Court for the District of New Mexico.  A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

assigned District Judge enters a judgment in the case.  Objections, however, may be filed and served upon all parties no later than **November 26, 2014.**  The Clerk should note the matter for **November 28, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed eight (8) pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge